# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHANKLIN CORPORATION,          )
                               )
           Plaintiff,          )
                               )    Case No. 95 C 1617
v.                             )
                               )    Magistrate Judge Schenkier
AMERICAN PACKAGING             )
MACHINERY, INC. and RALLY      )
PACKAGING CORPORATION,         )
                               )
           Defendants.         )

## MEMORANDUM OPINION AND ORDER

Shanklin Corporation ("Shanklin") has brought this patent action alleging infringement of U.S. Patent No. 5,097,939, entitled "Synchronous Position Product Feed System," by American Packaging Machinery, Inc. ("APM") and Rally Manufacturing Corporation ("Rally"). In 2000, all parties filed motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on Shanklin's patent claim: (a) plaintiff moved for ruling on infringement as to claims 1-9 of the '939 patent, and (b) defendants moved for a ruling of non-infringement as to all 11 claims of the patent. No party sought summary judgment on the issues of whether any alleged infringement was willful, or on damages.

On January 24, 2002, the district judge then presiding in the case granted plaintiff's motion and denied defendants' motion, therefore granting plaintiff summary judgment on the issue of liability for infringement of the '939 patent (doc. # 250). Pursuant to that grant of summary judgment on liability, on April 22, 2002 the district judge preliminarily enjoined defendants from the manufacture, use, sale, offer for sale and/or importation of infeed systems falling within claims 1-9 of the '939 patent, or that were the same or similar to a system sold under the name HSC-100

(doc. # 268). Thereafter, plaintiff withdrew its claim for infringement of claims 10 and 11 (doc. # 282) – but, plaintiff did not withdraw its claim of willfulness or its request for monetary relief.

On November 8, 2005, this case was reassigned to this Court, pursuant to the consent of the parties, for all purposes, including the entry of final judgment (doc. # 350). This long and hard-fought lawsuit, which is now entering its twelfth year, is now set for a bench trial commencing on April 10, 2006. The subject of the trial will be plaintiff's claim for monetary relief; the right of plaintiff to seek certain enhanced monetary relief based on a claim of willful infringement is the subject of the motion now before the Court. Rally has moved *in limine* to exclude testimony and evidence relating to the issue of willful infringement from the trial (doc. # 356). Rally asserts that the issue of willfulness "should be excluded because it is an issue that should have been decided during the liability phase of this litigation" (Rally Mot. at 2). The Court rejects Rally's argument for three reasons.

*First*, Rally argues that by seeking a partial summary judgment only on the issue of infringement, Shanklin has forfeited its right to pursue the claim that the defendants' infringement was willful (Def.'s Mot. at 2). This argument misconceives both the interrelationship between the infringement and willfulness, and the role of the summary judgment procedure. A literal infringement claim does not, literally, need a showing of willfulness to be established as a matter of law. *See Frank's Casing Crew & Rental Tools, Inc. v. Waterford Intern., Inc.*, 389 F.3d 1370, 1378 (Fed. Cir. 2004) ("literal infringement requires that each and every limitations set forth in a claim appear in an accused product"). *See generally Gonzales v. Kid Zone, Ltd.*, No. 00 C 3969, 2001 WL 930791 (N.D. Ill., Aug. 15, 2001) (Kocoras, C.J., treating legal issues of literal infringement and willfulness separately). Thus, willfulness clearly is not an essential element of a claim of

infringement.

Rally's argument misconceives the significance of the observation in various decisions that willfulness is a question of fact that is inextricably bound to the facts underlying the alleged infringement (Def.'s Mot. at 2, quoting *THK America, Inc. v. NSK Co., Ltd.*, 151 F.R.D. 625, 629 (N.D. Ill. 1993). That observation merely points out, correctly, that there often will be an overlap between evidence relevant to infringement and evidence relevant to willfulness. However, that observation by no means suggests that willfulness is a necessary element to proving a claim of infringement. Indeed, the case upon which Rally relies makes that very point: "[i]n determining whether or not infringement exists, the desire or intent to infringe a patent is irrelevant. Intent is crucial to the issue of willfulness." *THK America*, 151 F.R.D. at 629. Thus, when the district court judge entered judgment on the liability portion of the literal infringement claim, it did not need (nor was it asked to do so by *either party*) to enter judgment on the willfulness allegation pled by Shanklin in the complaint.

That brings us to Rally's misconception of the role of the summary judgment process. Summary judgment allows courts and parties to avoid the unnecessary trial of claims for which there are no genuine disputes of material fact, and thus no reason to incur the time and expense of a trial. *Farries v. Standadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir. 1987). Moreover, Rule 56 does not make summary judgment an all or nothing proposition: the rule
permits the entry of judgment for a claimant on "any part" of that party's claim(s). Fed. R. Civ. P. 56(a). Here, Shanklin sought partial summary judgment on the issue of literal infringement, not on whether the infringement was willful. Since summary judgment is available only where the district court has found no genuine issue as to any material fact, it stands to reason that Shanklin did not

believe it could obtain summary judgment on willfulness, which – by Rally's own admission (Def.'s Mot. at 2) – is a question of fact. That was a proper use of the summary judgment procedure. To hold that Shanklin waived its right to pursue a properly-pled claim of willfulness by its successful prosecution of a partial summary judgment on the claim of infringement would contravene the purpose of Rule 56, by discouraging summary judgment motions that can streamline litigation.

*Second*, Rally suggests that, somehow, it was fooled by the partial summary judgment ruling into thinking that willfulness no longer was part of the case, and thus would be prejudiced by now having to defend that claim at trial (Def.'s Mot. at 2). We do not see how Rally reasonably could have concluded that Shanklin waived its willfulness claim. When Shanklin intended to waive a claim, it did so unequivocally – as it did by waiving its right to proceed on the claim of infringement of claims 10-11 of the '939 patent. By contrast, Shanklin never said that it was foregoing its claim of willful infringement. If Rally truly had believed, as it now asserts, that the issue of willfulness "should have been decided during the liability phase" (Def.'s Mot. at 2), then Rally could have moved for summary judgment on willfulness just as it moved for summary judgment on liability for infringement. By failing to seek summary judgment on willfulness, defendants effectively conceded that they agreed that there were genuine disputes of material fact that would require a trial of that issue. Rally cannot now credibly assert that it did not know a willfulness claim, which involves disputed facts that can be resolved only through a trial, in fact would be pursued at trial someday.

*Third*, the cases that Rally cites to support its motion are inapposite. None of those cases (*THK American Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625 (N.D. Ill. 1993); *William Reber, LLC v. Samsung Electronics America, Inc.*, 220 F.R.D. 533 (N.D. Ill. 2004) (which Rally does not note was vacated by 2004 WL 2535074 (N.D. Ill. Sept. 27, 2004); and *Real v. Bunn-O-Matic Corp.*, 195

F.R.D. 618 (N.D. Ill. 2000)) involved the trial of the issue of willfulness after a summary judgment was granted on liability for infringement. Rather, those cases all addressed the question of whether to bifurcate the issue of liability from damages and willful infringement at trial, balancing the judicial economies and efficiencies of a single proceeding against the risk of undue prejudice to a defendant from having the issue of willfulness injected into the jury's liability consideration. Given the procedural posture of this case, we are not confronted with the question of balancing these issues of judicial economy, efficiency and undue prejudice. Shanklin's successful motion for partial summary judgment on the question of liability for infringement already has created trial efficiencies, by trimming the issues that require a trial. In short, the Court finds no basis in the cases cited by Rally to exclude evidence of willfulness at trial.

Thus, for the foregoing reasons, we deny Rally's motion *in limine*. That said, we also deny Shanklin's request, contained in its memorandum opposing Rally's motion (Shanklin Mem. at 4), for an award of attorneys' fees and costs Shanklin incurred in responding to the motion. Shanklin does say if it seeks that award under Fed. R. Civ. P. 11 or under 28 U.S.C. § 1927, but in our view, sanctions are not warranted under either provision. As for Rule 11, Shanklin has not demonstrated that it provided Rally with the requisite opportunity to withdraw its motion *in limine*. *See* Rule 11(c)(1). As for Section 1927, sanctions are appropriate where counsel "multiplies the proceedings in any case unreasonably and vexatiously." Not every misconceived motion is sanctionable under this section; and, while we plainly view Rally's motion as without merit, we do not find that it crosses the line into the realm of sanctionable conduct.

In that respect, we have considered Shanklin's reference to the award of sanctions in *THK America*, where the court found that the defendant had filed a motion that required plaintiff to

relitigate matters already resolved and had "cavalierly argue[d] *contrary* positions to the Court with impunity." *THK America*, 151 F.R.D. at 634 (emphasis in original). Rally's conduct here falls far short of the conduct found sanctionable in *THK America*.

## CONCLUSION

For the foregoing reasons, Rally's motion *in limine* (doc. # 356) is denied; Shanklin's request for an award of attorneys' fees and costs is denied.

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: March 21, 2006**