IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| SHANKLIN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PACKAGING MACHINERY, INC. and RALLY PACKAGING CORPORATION,<br><br>Defendants. | ) | No. 95 C 1617<br><br>Magistrate Judge Sidney I. Schenkier |

**MEMORANDUM OPINION AND ORDER**

On May 1, 2006, this Court entered final judgment for the plaintiff, Shanklin Corporation ("Shanklin"), and against the defendants, American Packaging Machinery, Inc. ("APM") and Rally Packaging Corporation ("Rally"), jointly and severally, on claims of patent infringement, and separately against Rally for willful infringement. Presently before the Court is Shanklin's Amended Bill of Costs (doc. # 381), submitted on May 26, 2006, which requested $22,369.58.[1] Rally, but not APM filed objections (doc. # 380), and thereafter, at the Court's invitation, Shanklin supplemented its submission to include back-up material to support the requested award of costs. Shanklin's supplementation included a spreadsheet which totaled the costs sought at $22,164.58; Shanklin did not explain the deviation from the $22,369.58 figure set forth in the Amended Bill of Costs. Defendants declined an invitation to further respond to Shanklin's supplementation.

The Court finds $22,284.58 to be the total costs requested by Shanklin. This amount reflects the addition of $120.00 in Fees of the Clerk, which Shanklin claimed in its Amended Bill of Costs

[1]Shanklin's original bill of costs (doc. # 379) sought an award of costs totaling $19,823.58. In light of the amended bill of costs later filed by Shanklin, we strike the original bill of costs (doc. # 379) as moot.

but omitted from its supplemental spreadsheet, to the $22,164.58 itemized in Shanklin's supplemental spreadsheet. Moreover, Shanklin did not allocate the costs itemized on the supplement spreadsheet to the categories identified in the Amended Bill of Costs, and the amounts stated in Shanklin's Reply do not add up to the total reflected in the spreadsheet. Thus, the Court independently has categorized Shanklin's costs and requested amounts as set forth below.

Based on the analysis that follows, the Court awards Shanklin costs in the amount of $15,104.57.

**I.**

Pursuant to Federal Rule of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Consistent with that directive, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir.1994) (citations omitted). This "presumption [favoring the award of costs] is difficult to overcome, and the district court's discretion is narrowly confined-the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir.1997). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. *Id.*

Rally does not assert either reason as a basis for denying costs. Thus, we turn to the question of what costs are recoverable.

**II.**

Under 28 U.S.C. § 1920, the following costs may be recovered by a prevailing party: (1) fees of the clerk and marshal; (2) fees of the court reporter for all and any part of the stenographic

transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of Court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. However, these costs are only recoverable if they are both reasonable and necessary to the litigation. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir.2000). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993). The prevailing party has the burden to demonstrate the amount of its recoverable costs. *Tellular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, at *1 (N.D.Ill. June 16, 2006).

**A. Transcription Costs**

Shanklin seeks an award of $12,329.26 for the costs of transcripts. In order to be recoverable under Section 1920(2), costs of transcripts and fees for the court reporter must be "necessarily obtained for use in the case." *Barber*, 7 F.3d at 645. "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Id.* (citation omitted).

**1. Trial Transcripts**

Shanklin seeks $3,546.00 for costs of trial transcripts. Rally objects to $1,000.00 claimed by Shanklin for the cost of unedited "realtime" trial transcripts (Def.'s Obj. at 3). Courts consider several factors in determining whether to allow recovery of the cost of daily transcripts: "(1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (3) whether proposed findings of fact were

required, (4) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) [sic] the size of the claim, (5) and the importance of witness credibility." *Ernst v. Anderson*, 2006 WL 163024, at *2 (N.D.Ill. Jan.18, 2006).

Shanklin contends the transcripts were "beneficial" in preparing for cross examination of Defendants' expert and closing arguments (Pl.'s Reply at 2). However, Rally points out that the trial was short in duration, was not complex, and did not require the submission of proposed findings of fact (Def.'s Obj. at 3). Moreover, the fact that Rally received the same transcripts does not necessarily demonstrate the necessity of such transcripts as suggested by Shanklin. (Pl.'s Reply at 2). We recognize that in *Glenayre v. Elecs., Inc. v. Jackson*, 2003 WL 21947112, at *1 (N.D.Ill. Aug. 11, 2003), the court stated that Glenayre's "willingness to share the costs of these transcripts indicates that it, too, was sufficiently convinced of their usefulness at trial." But, in that case, unlike here, the trial was long and complex.

In the Court's judgment, daily transcripts in this trial do not reach the level of necessity, and can more accurately be characterized as an item of convenience for the parties. Thus, we will reduce from Shanklin's request $1,000.00 attributable to the cost of unedited realtime trial transcripts.

**2. Hearing Transcripts**

Shanklin requests $998.00 for original copies of 15 hearing transcripts. Shanklin contends that the transcripts were reasonable and necessary to prepare pleadings, including a motion for partial summary judgment (*Id.* at 4). Rally's principal objection to this request was Shanklin's failure to provide specificity for the dates of each hearing, the number of pages, and rates charged (Def.'s Obj.

at 3). That objection was cured by Shanklin's supplemental submissions, and we are satisfied that obtaining the transcripts was reasonable and necessary.

The reasonableness of the rates sought for the hearing transcripts, however, remains at issue. Currently, $3.30 is the maximum per page rate for original transcripts set by the Judicial Conference. *See* United States District Court, Maximum Transcript Rates - All Parties (Per Page). http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. However, all of the hearing transcripts at issue here were obtained between 1995 and 1998, when the maximum rate was $3.00 per page. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir.1998).

The hearing transcripts for March 1, 1996, October 8, 1996, May 28, 1997, and June 3, 1997 were expedited, thus, costing Shanklin $4.00 per page. Since Shanklin offers no justification for expedited service, Shanklin may only recover costs at the ordinary transcript rate, which was $3.00 per page during that time frame, totaling $225.00. N.D.Ill. L.R. 54.1(b); *Cengr*, 135 F.3d at 455.

The hearing transcripts for January 17, 1997, February 13, 1997, April 10 and 11, 1997, and October 3, 1997 are all charged at a rate which exceeds the set maximum of $3.00 without justification. Thus, Shanklin may only recover costs at the ordinary transcript rate at that time, $3.00. *Id.* Also, as there are no documents or other information which would allow the Court to assess the reasonableness of the December 19, 1995 transcript costs, Shanklin will not be able to recover the $48.00 requested.

All other hearing transcript costs are reasonable and are awarded in their entirety. Thus, the Court reduces the amount sought by Shanklin for hearing transcripts by $260.00, from $998.00 to $738.00.

### 3. Deposition Transcripts

Shanklin requests $7,785.26 for transcription of depositions and related expenses. Recovery of costs for deposition transcripts is authorized by Section 1920(2), which permits an award of costs for transcripts "necessarily obtained for use in the case." Reasonable necessity is determined "in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985).

Shanklin contends that deposition transcripts were "necessary during this litigation to obtain factual information...to prepare its successful motion for Summary Judgment of infringement, and in preparing for...trial on damages." (Pl.'s Reply at 5). Again, Rally's principal objection to this portion of Shanklin's request was based on the lack of detail Shanklin originally provided (Def.'s Obj. at 4), which now has been cured. As for the necessity of the transcripts, the vast majority of the deponents were listed by the parties as witnesses at the damages phase of trial, and we conclude that transcripts of the other deponents were reasonably necessary for summary judgment. However, there are four areas in which reduction of Shanklin's claimed costs are appropriate.

*First*, the maximum per page rate for original transcripts during the beginning of this litigation was set at $3.00. Accordingly, original deposition transcript charges prior to 2003 will be reduced to comply with that limit. Moreover, for depositions after 2003, Shanklin has requested per page rates for original depositions and copies at rates which exceed the Judicial Conference guidelines. Accordingly, original deposition transcripts costs will be reduced to $3.30 per page and copies of such transcripts will be reduced to $0.83 per page. *See* United States District Court, Maximum Transcript Rates - All Parties (Per Page). http://www.ilnd.uscourts.gov/

CLERKS_OFFICE/CrtReporter/trnscrpt.htm; *Weiland v. Linear Constr., Ltd.*, 2004 WL 783097, at *1 (N.D.Ill. Jan. 8, 2004).

*Second*, Shanklin requests costs for charges variously labeled "postage," "handling," or "delivery." Under the Judicial Conference guidelines, "postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts." *Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, 2004 WL 1899882, at *7 (Aug. 12, 2004). Thus, the Court will deduct these charges as detailed on the invoices provided by Shanklin.

*Third*, Shanklin requests costs related to condensing deposition transcripts into ASCII format. Absent demonstration to the contrary, courts view ASCII disks as items of convenience for attorneys rather than necessity for litigation. *Vigortone*, 2004 WL 1899882, at *6; *see also Glenayre Elecs., Inc.*, 2003 WL 21947112, at *2 ("costs incurred for computer-based condensed deposition transcripts are generally not recoverable"). Since Shanklin provides no justification for condensed deposition transcripts, the Court will deduct these charges.

*Fourth*, while the Seventh Circuit has upheld the discretion of judges to award court reporter deposition appearance fees as taxable costs, Shanklin fails to provide the number of hours worked or hourly rate charged by court reporters, for all depositions other than the deposition of David Clark. Without that information, the Court cannot evaluate the reasonableness of the court reporters' fees. *Santiago v. Orland Park Motor Cars, Inc.*, 2004 WL 434208, at *3 (N.D.Ill. Feb. 18, 2004). Thus, Shanklin may only recover court reporter attendance fees for the deposition of Mr. David Clark, which was charged at a reasonable rate.

Thus, we reduce the costs recoverable by Shanklin for deposition transcription and related fees by $2,971.83, from $7,785.26 to $4,813.43.

**B. Photocopying Expenses**

Shanklin requests $9,111.81 for photocopying costs. Prior to the Amended Bill of Costs, Rally objected to Shanklin's photocopying costs altogether, contending Shanklin provided insufficient documentation to assess the reasonableness and necessity of such charges. (Def.'s Obj. at 6). Under Section 1920(4), a court may tax "[f]ees for exemplification and copies of papers necessarily obtained for use in the case," which includes, *inter alia*, costs incurred for photocopies related to discovery, exhibits, and pleadings filed with the court. *Trammel v. BASF*, 2002 WL 59114, at *7 (N.D.Ill. Jan. 14, 2002). However, a party may not recover costs for copies made for personal use or the convenience his or her attorneys. *Haroco, Inc. v. Am. Nat'l. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir.1994). In order to recover costs, "[a] party need not submit a bill of costs itemizing each document copied...However, a party is required to provide the best breakdown obtainable from retained records in order to make the required showing of necessity." *Glenayre*, 2003 WL 21947112, at *3 (internal citations omitted). Per page copy rates between $0.10 and $0.20 have been found reasonable. *Weiland*, 2004 WL 783097, at *2.

Although Shanklin claims its requested in-house photocopying charges do not incorporate "[a]ny documents made for the convenience of Shanklin's counsel," Shanklin's blanket generalization and its method of listing the number of pages, rate per page, and total cost for charges invariably labeled "Copying Charges" do not provide the Court sufficient information to determine what in-house copying was necessary. *See LeMoine v. Combined Commc'ns. Corp.*, 1996 WL 435115, at *2 (N.D.Ill. July 31, 1996) ("prevailing party may not simply make unsubstantiated claims that...documents were necessary, since the prevailing party alone knows for what purpose the copies were made"). Thus, Shanklin may not recover for any in-house photocopying costs.

Regarding outside photocopying charges for which there are detailed invoices, the Court is satisfied that copies were necessary based on the additional explanations given in Shanklin's Reply and the documentation provided in the Amended Bill of Costs. Thus, the Court will only make deductions for non-recoverable delivery charges from invoices dated October 17 and 25, 1996, and March 31, April 3 and April 4, 2003. However, for the outside photocopying charges lacking documentation, since the Court cannot determine if the copies were charged at a reasonable rate, no costs will be awarded. *Santiago*, 2004 WL 434208, at *4.

Thus, we reduce the award to Shanklin for costs related to photocopying by $2,698.18, from $9,111.81 to $6,413.63.

**C. Witness Fees**

Shanklin requests $358.51 for witness fees and expenses pursuant to 28 U.S.C. §§ 1920(3) and 1821. See *Barber*, 7 F.3d at 645. Rally concedes these costs appear reasonable and does not object (Def.'s Obj. at 7), despite the lack of documentation as to mileage for Mr. Sandor Suri, Mr. David Munger, and Mr. James Pogue. The Court agrees that these costs appear to reflect the statutory maximum witness fee of $40.00 per day and reasonable travel costs at a rate of $0.445 per mile as established by the Judicial Conference. *See* United States District Court, Northern District of Illinois, Fee Schedule. http://www.ilnd.uscourts.gov/PUBLIC/Forms/ fee_schedule.htm. The Court will, however, reduce the $45.00 witness fee listed for Mr. Edward D. Gilhooly to align it with the statutory $40.00 limit set forth in Section 1821. Lodging fees are generally recoverable and the $155.44 lodging fee for Mr. Norman Shanklin appears reasonable, so it will be awarded. *See Trammel*, 2002 WL 59114, at *3. Thus, Shanklin may recover $353.51 in witness fees and expenses.

**D. Service Fees**

Shanklin requests $365.00 for fees for service of summons and subpoenas, which are properly taxable under Section 1920. Shanklin accounts for service of process for Mr. Sandor Suri and Mr. David Munger on its spreadsheet and includes an invoice for the service of Mr. James Pogue. However, as Defendants point out, Shanklin's documents do not indicate how long it took to effectuate service or the amount charged per hour (Def.'s Obj. at 7), and consequently, the Court cannot determine if the fees sought are reasonable. Thus, the Court will award $40.00 per person served with a subpoena, for a total of $120.00, which is the minimum charged by the U.S. Marshal's Service. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996) ("prevailing party [can] recover service costs that do not exceed the marshal's fees, no matter who actually effected service"); *Askew v. City of Chicago*, 2006 WL 1005167, at *3 (N.D.Ill. Apr. 12, 2006).

**E. Fees of the Clerk**

Shanklin requests $120.00 for Fees of the Clerk, which are properly taxable under Section 1920. Although there is no documentation or explanation regarding this expense, Defendants do not object and this expense appears reasonable, so that amount will be awarded.

**CONCLUSION**

For the above reasons, Shanklin's Bill of Costs is granted in part and denied in part. The Court awards cost in the amount of $15,104.57, consisting of $8,097.43 in transcription costs,

$6,413.63 in photocopying costs, $353.51 in witness fees, $120.00 in service fees, and $120.00 in fees of the clerk. These costs are awarded jointly and severally against defendants American Packaging Machinery, Inc. and Rally Manufacturing Corporation.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: July 18, 2006**